# Court of Appeals
# of the State of Georgia

ATLANTA,  January 02, 2026

*The Court of Appeals hereby passes the following order:*

## A26A0746. STEWART v. MADDOX.

The Court has before it Melody M. Maddox's motion to dismiss the above-captioned appeal, based on LeShon Stewart's failure to comply with orders of this Court. Stewart's appeal of the trial court's order dismissing her petition for writ of mandamus was docketed with this Court on November 3, 2025. This Court's notice of docketing instructed Stewart that appellant's brief shall be filed within 20 days of docketing and that failure to timely file a brief or follow any Court rules or orders may cause the appeal to be dismissed. Stewart did not timely file her brief as required by the notice of docketing and Court of Appeals Rule 23(a), and on November 25, 2025, this Court ordered Stewart to file enumerations of error and a brief no later than December 5, 2025. On December 4, 2025, Stewart filed a motion for extension of time to file her brief, which this Court granted on December 5, 2025, allowing Stewart until December 15, 2025, to file enumerations of error and a brief. Stewart did not file enumerations of error or a brief on or before December 15, 2025, as required by this Court's order.

Based upon the foregoing, Maddox's motion to dismiss is GRANTED and the appeal is hereby DISMISSED.

## MCFADDEN, PRESIDING JUDGE, DISSENTING

MCFADDEN, Presiding Judge, dissenting.

I respectfully dissent from the order of dismissal. Appellant's brief was filed on December 16, 2025, one day late. So Court of Appeals Rule 23 (a) does purport to authorize us to dismiss.

But as explained in *Shouse v. Shouse*, 376 Ga. App. 422 (919 SE2d 98) (2025) McFadden, P. J., dissenting, the Appellate Practice Act says otherwise. OCGA § 5-6-48 (b) limits our authority to dismiss to three listed circumstances:

> No appeal shall be dismissed or its validity affected for any cause nor shall consideration of any enumerated error be refused, except: (1) For failure to file notice of appeal within the time required as provided in this article or within any extension of time granted hereunder; (2) Where the decision or judgment is not then appealable; or (3) Where the questions presented have become moot.

Tardy briefing is conspicuously omitted from that list. That omission was no accident. As explained in the *Shouse* dissent, the General Assembly removed authority to dismiss for tardy briefing. *Shouse*, 376 Ga. App. at 424, citing E. Freeman Leverett, 1966 Amendments to the Appellate Procedure Act of 1965, 2 Ga. State Bar J., 433,

442-443 (1966). We should abide by the Appellate Practice Act.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*   01/02/2026               

        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*